# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

CURTIS EDWARD ALVEY, JR.                                                   PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:19-CV-162-GNS

KENTUCKY COMMISSION ON HUMAN RIGHTS                                DEFENDANT

## <u>MEMORANDUM OPINION</u>

Plaintiff Curtis Edward Alvey, Jr., filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

### I.

Plaintiff names the Kentucky Commission on Human Rights as the sole Defendant in this action. He states that he brings this action under Title VII of the Civil Rights Act; for "failure to process due care"; and for negligence.

Under the "Statement of the Claim" section of the complaint form, Plaintiff writes, "Upon speaking to intake Department,? was informed they couldn't assist me, because I refused to give any details of my physical appearance. Claim involved racial discrimination + sexual abuse."

As relief, Plaintiff seeks compensatory and punitive damages.

### II.

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Title VII prohibits employers from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C.S. § 2000e-2(a)(1). The Equal Employment Opportunity Commission (EEOC) is the "federal administrative agency charged with the responsibility of investigating claims of employment discrimination and settling

disputes, if possible, in an informal, noncoercive fashion." *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 368 (1977). Defendant is Kentucky's counterpart to the federal EEOC.

Plaintiff's federal claims against Defendant seem to be that it violated Plaintiff's rights under Title VII and the Due Process Clause of the Fourteenth Amendment by improperly handling an employment-discrimination claim Defendant desired to bring.

The Court first turns to Plaintiff's Title VII claim. The Sixth Circuit has held that "[t]here is no private cause of action for the improper investigation or processing of a discrimination charge" under Title VII. *Reed v. EEOC*, No. 96-1275, 1996 U.S. App. LEXIS 29032 (6th Cir. Oct. 30, 1996) (citing *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991)); *Gillis v. United States Dep't of Health and Human Servs.*, 759 F.2d 565, 574 (6th Cir. 1985). Indeed, "[w]hen the EEOC [or a corresponding state agency] fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a de novo lawsuit against his employer in the district court." *Verboom v. Dep't. of Defense*, No. 93-3005, 1993 U.S. App. LEXIS 20221, *3-4 (6th Cir., Aug. 5, 1993) (citing *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. at 365-66); *see also Jackson v. Galt House*, No. 3:10CV-760-H, 2011 U.S. Dist. LEXIS 3889, at *13-14 (W.D. Ky. Jan. 14, 2011) (holding that plaintiff could not maintain a claim against the EEOC nor the KCHR for any breach of its duty to investigate or adjudicate her discrimination charges). In light of this jurisprudence, the Court will dismiss Plaintiff's Title VII claim against Defendant for failure to state a claim upon which relief may be granted.

The Court next turns to Plaintiff's claim against Defendant for "failure to process due care," which the Court construes as a claim brought under the Due Process Clause. The Sixth Circuit recently held that a state agency's failure to conduct a proper investigation of a

discrimination complaint fails to implicate the Due Process Clause. *Rhoades v. Kasich*, No. 18-4034, 2019 U.S. App. LEXIS 30595, at *4-5 (6th Cir. Oct. 11, 2019). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

Because Plaintiff's federal-law claims are being dismissed, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff seeks to bring against Defendant. *See* 28 U.S.C. § 1367(c)(3). Thus, the Court will dismiss Plaintiff's state-law claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:  January 22, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
4416.011

4